### IN THE UNITED STATES BANKRUPTCY COURT FOR
### THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **IN RE:** | **CASE NO.  12-06448** |
| | **Chapter   7** |
| JANETTE MACHADO RAMOS | |
| | **Adversary No. 12-00378** |
| **Debtor(s)** | |
| AUTONOMOUS MUNICIPALITY OF ISABELA | |
| **Plaintiff** | |
| **vs.** | |
| JANETTE MACHADO RAMOS | |
| | **FILED & ENTERED ON 09/05/2013** |
| **Defendant(s)** | |

### OPINION & ORDER

Before this court is Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 13], Defendant's Opposition to Plaintiff's Motion for Partial Summary Judgment [Dkt. No. 14], Defendant's Motion to Dismiss for Untimely Removal [Dkt. No. 20], and Plaintiff's Opposition to Defendant's Motion to Dismiss for Untimely Removal [Dkt. No. 21]. For the reasons set forth below, after reviewing exhaustively all of the parties' arguments and documents, Plaintiff's Motion for Summary Judgment is GRANTED and Defendant's Motion to Dismiss for Untimely Dismissal is DENIED.

## I.     Plaintiff's Motion for Summary Judgment

In the summary judgment motion presently before the court, Plaintiffs argue that there are no genuine issues as to any material facts and that therefore the moving party is entitled to judgment as a matter of law. This Court agrees. The role of summary judgment is to look behind the facade of the pleadings and assay the parties' proof in order to determine whether a trial is required. Under Federal Rules of Civil Procedure, Rule 56(c), made applicable in bankruptcy by Federal Rules of Bankruptcy Procedure, Rule 7056, a summary judgment is available if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); Borges ex rel. S.M.B.W. v. Serrano-Isern, 605 F.3d 1, 4 (1st Cir. 2010). A fact is deemed "material" if it potentially could affect the outcome of the suit. Borges, 605 F.3d at 5. Moreover, there will only be a "genuine" or "trial worthy" issue as to such a "material fact," "if a reasonable fact-finder, examining the evidence and drawing all reasonable inferences helpful to the party resisting summary judgment, could resolve the dispute in that party's favor." Id. at 4.

Pursuant to 11 U.S.C. § 362(a), automatic stay takes affect once debtor files her bankruptcy petition, thus the practical effect is that creditors are prohibited from taking action against the bankruptcy estate. Matter of S.I. Acquisition, Inc., 817 F.2d 1142, 1146 (5th Cir. 1987); 3 COLLIER ON BANKRUPTCY § 362-03 (15th ed. 2010). Consequently, a violation of the automatic stay occurs when a creditor engages in one of the acts proscribed by statute. 11 U.S.C. § 362(a); In re Gordon Properties, LLC, 460 B.R. 681 (Bankr. E.D. Va. 2011). Regardless, a debtor seeking damages for an alleged violation of 11 U.S.C. § 362 has the burden of proof and thus must prove by

2

a preponderance of the evidence the following three elements: (1) that a violation of the automatic stay occurred; (2) that the violation was willfully committed; and (3) that the debtor suffered damages as a result of the violation. Slabicki v. Gleason, 466 B.R. 572, 577-578 (B.A.P. 1st Cir. 2012). Therefore, to meet the above burden of proof for damages related to the violation of an automatic stay must include at the very least some allegation of harassment or coercion. Cox v. Zale Delaware, Inc., 242 B.R. 444 (N.D. Ill. 1999).

The First Circuit provided guidance that a violation is "willfull" when: (1) the creditor has knowledge of the pending bankruptcy proceeding; and (2) the creditor's conduct is intentional. In re McMullen, 386 F.3d 320, 330 (1st Cir. 2004) (citation omitted); Fleet Mortgage Group, Inc. v. Kaneb, 196 F.3d 265, 269 (1st Cir. 1999) ("The standard for a willful violation of the automatic stay is met if there is knowledge of the stay and the defendant intended the action which constituted the violation.") Cf., In re McMullen, 386 F.3d at 330 (Bankr. N.D. Ill. 2003) (if the creditor lacks knowledge of the case, violation of the stay is technical and does not result in an award of damages.)

In this instant case, Defendant argues that the filing of Plaintiff's eviction and collection of monies complaint constituted an intentional violation of the automatic stay. Defendant does not make further allegations as to any other act of Plaintiff that may constitute a violation of the automatic stay. The Court's docket clearly demonstrates that, contrary to Defendant's assertion, Plaintiff filed the state court complaint on July 13, 2012, a little more than a month before Defendant filed her Chapter 13 voluntary petition on August 16, 2012. Further, the record demonstrates that after the commencement of Defendant's case, Plaintiff did not pursue further action in the Commonwealth state court. Summarily, this Court finds that Plaintiff did not violate the automatic

3

stay.

## II.     Defendant's Motion to Dismiss

On October 4, 2012, Plaintiff requested the removal of the state court case after Defendant served counterclaims to Plaintiffs. Defendant argues that pursuant to 28 U.S.C. §1446 (b), a notice of removal has to be filed within 30 days after such service of pleadings. Therefore, because Plaintiff did not request such removal until 94 days after Defendant's service of counterclaims, Defendant seeks dismissal of Plaintiff's removal request. Pursuant to 28 U.S.C. § 1452(a), Plaintiff could remove Defendant's counterclaim to this Bankruptcy Court because Defendant's counterclaim arises in and is under a federal statute, specifically Section 362 of Title 11 of the United States Code.  Rule 9027 (a) (3) of the Federal Rules of Bankruptcy Procedure, in relevant part, states:

> (3) Time for filing; civil action initiated after commencement of the case under the Code. If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

An examination by the court of the state court documents  reveals the following: (1) the document setting forth the counterclaim pleadings for the alleged violation of Section 362 was filed on September 5, 2012; (2) Defendant's counterclaim was filed on September 5, 2012, and not on July 2, 2012, as argued by Defendant in their Motion to Dismiss. Accordingly, the thirty (30) day time period started to run on September 5, 2012 and ended on October 5, 2012. Plaintiff filed its notice of removal for the counterclaim on October 4, 2012, within the thirty (30) day limit established by Rule

9027(a)(3). Summarily, Defendant's dismissal arguments have no merit.

WHEREFORE, IT IS ORDERED that Plaintiff's Motion for Partial Summary Judgment shall be, and it hereby is, GRANTED and Defendant's Motion to Dismiss for Untimely Dismissal is DENIED. The court determines that Plaintiff has not violated the automatic stay pursuant to section 362 of Title 11. The Defendant's counterclaim is dismissed with prejudice. Clerk to enter Judgment forthwith.

SO ORDERED

San Juan, Puerto Rico, this 5th day of September, 2013.

Brian K. Tester
U.S. Bankruptcy Judge

5